*Formatted for Electronic Distribution*                                                                                  *For Publication*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

_____

In re:

    **Cynthia Diann Mayer-Myers**      Filed & Entered      Chapter 13 Case
            **Debtor.**                              On Docket              # 05-12466

                                                  06/15/06
_____

*Appearances:*    Rebecca Rice, Esq.                                    Tavian Mayer, Esq.
                                  Cohen & Rice                                          Mayer & Mayer
                                  Rutland, VT                                           Royalton, VT
                                *Attorney for Debtor*                              *Attorney for Movant*

**MEMORANDUM OF DECISION**
**SUSTAINING OBJECTION TO CHAPTER 13 PLAN**

        Green Tree Servicing, LLC, as successor in interest to Green Tree Financial Servicing Corporation ("Green Tree") has objected to the confirmation of the chapter 13 Plan filed by Cynthia Mayer-Myers' (the "Debtor"), alleging that the Plan violates the anti-modification directive set forth in §1322(b)(2).[1] The Debtor contends it is not improper for her Plan to modify Green Tree's rights because Green Tree's mortgage is not secured solely by real property that is the Debtor's primary residence, since Green Tree has also taken a security interest in the Debtor's bank accounts and rents. For the reasons set forth below, the Court determines that neither Green Tree's right to set off nor the assignment of rents contained in the mortgage constitute additional security, and therefore, Green Tree's claim is secured only by the Debtor's primary residence. Accordingly, pursuant to §1322(b)(2), the Debtor has no right to modify the rights of Green Tree in connection with the subject claim and the Court must sustain Green Tree's objection to the Debtor's plan.

**BACKGROUND FACTS**

        Green Tree and the Debtor (collectively, the "Parties") have stipulated to the pertinent facts. Green Tree holds a properly perfected first lien on the Debtor's property by virtue of a properly recorded mortgage deed dated September 24, 1999 (doc. # 22, ¶1). The mortgage covers land and premises, including a manufactured home, which the Debtor occupies as her principal residence (Id. at ¶¶2-3). The mortgage lien secures a promissory note which is currently in default (Id. at ¶4). The Debtor has not made a payment to Green Tree under the promissory note since November 18, 2002 and is more than $32,533.00 past due (Id. at ¶5). The Debtor has proposed a Chapter 13 plan that seeks to modify Green Tree's claim (Id. at ¶8).

---

[1] Unless otherwise indicated, all statutory references herein are to the United States Bankruptcy Code (the "Code").

**ISSUE PRESENTED**

The question before the Court is whether Green Tree's claim is secured only by real property that is the Debtor's principal residence and hence entitled to protection from the modification of its claim under §1322(b)(2).

**DISCUSSION**

Section 1322(b)(2) allows a chapter 13 plan to modify the rights of the holders of secured claims "other than a claim secured *only* by a security interest in real property that is the debtor's principal residence….." (emphasis added). This language is unambiguous. In re Loper, 222 B.R. 431, 437 (D. Vt. 1998). The Debtor's plan may modify Green Tree's rights unless Green Tree's claim is secured only by a security interest in the Debtor's residential real property. If Green Tree has supplemented its collateral by taking a security interest in property other than the Debtor's personal residence, then its claim is not protected from modification and Green Tree's rights may be modified in chapter 13. Thus, the Court must determine whether Green Tree's security interest essentially encompasses one property interest or several. The extent of a mortgagee's property rights is determined by state law. Nobelman v. American Sav. Bank, 508 U.S. 324, 329 (1993).

The mortgage between the Parties granted Green Tree a security interest described as follows:

> In the following described property: All of the property located at Hillside Road, in the City/Town/Village of North Bennington, County of Bennington, and State of Vt, in which Borrower has an ownership, leasehold or other legal interest…together with a security interest in that certain 2000, 56 x 28 Georgetown mobile home…[t]together will all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above (all referred to as the 'Property').

The mortgage also contains an assignment of leases and rents clause that provides as follows:

> **ASSIGNMENT OF LEASES AND RENTS.** Mortgagor irrevocably grants, bargains, conveys and mortgages to Lender as additional security all the right, title and interest in and to any and all existing or future leases, subleases, and any other written or verbal agreements for the use and occupancy of any portion of the Property, including any extensions, renewals, modifications or substitutions of such agreements (all referred to as "Leases") and rents, issues and profits (all referred to as "Rents"). Mortgagor will promptly provide Lender with true and correct copies of all existing and future Leases. Mortgagor may collect, receive, enjoy and use the Rents so long as Mortgagor is not in default in the terms of this Security Instrument.

The promissory note provides Green Tree with the right to set off any amount due and payable under

2

the note against any right the Debtor might have to receive money from Green Tree (doc. # 22, Ex. B. p. 2). The Debtor asserts that the Note grants Green Tree additional collateral in the form of the right to set off and that the above language in the mortgage grants Green Tree an additional security interest in rents. Such security interests, the Debtor posits, are above and beyond the security interest in the Debtor's primary residence and hence take Green Tree outside the scope of parties protected by §1322(b)(2), and allow the Debtor to modify Green Tree's rights in her chapter 13 plan.

The Court's response to the Debtor's argument with respect to the right to set off is straightforward. The right to set off is contractual in nature. O'Donnell v. Bank of Vermont, 166 Vt. 221, 225 (1997). The Debtor's granting to Green Tree of a right to set off any amounts due and payable under the Note is not tantamount to the granting of a security interest. The Note did not create a separate security interest in personal property. The Note contains no granting language with respect to the right to set off or describes no funds the Debtor might receive from Green Tree. Accordingly, Green Tree's right to set off is not a basis for allowing the Debtor to modify Green Tree's rights under the plan.

The question of whether the Assignment of Leases and Rents constitutes a security interest beyond a security interest in the Debtor's primary residence is more complicated. The Parties have not pointed to any Vermont statute or case directly on point and the Court's independent research has revealed none. However, Green Tree argues that the definition of "homestead" under Vermont's homestead statute indicates that Vermont law considers rents an extension of real property. See 27 V.S.A. §101. While Green Tree's focus on the definition of a "homestead" under Vermont law is creative, it is misplaced. This is an exemption concept and describes the res that the state has carved out as being protected from execution by creditors; it has nothing to do with security interests.

For guidance on the question of how security interests in rent relate to mortgages against real estate the Court relies upon the state law of secured transactions. The Vermont statute on point, 9A V.S.A. §9-109. excludes from the scope of secured transactions in personalty "the creation or transfer of an interest in or lien on real property, including a lease or rents thereunder…" Implicit in the statute's exclusion of rents from its scope is the notion that rent generated by real property is an interest in real estate, not personal property. Although it is not explicit, the Court finds the exclusionary language in this Vermont statute governing secured transactions to implicitly support the conclusion that, under Vermont law, the right to rents from real property in Vermont is not personal property but rather inextricably bound to the real property itself. The assignment of rents becomes a part of the possessory bundle of rights that is the interest in the residential property. This is not to say that a mortgagor may not extract and retain the right to collect rents or that a mortgage need not recite the interest in rents in order for the mortgagee to obtain the security interest in rents. Rather, the Court finds that, under Vermont law, to the extent a mortgagor conveys a security interest in rents

3

with a security interest in the underlying land, the rents are but an additional aspect of the security interest in the land and not an additional, distinct piece of collateral. They may be severed, but when both are present they are part of the same collateral.

Hence, a creditor's security interest in the rents of a debtor's primary residence does not remove that creditor from the class of creditors protected by §1322(b)(2). See generally, In re Brown, 311 B.R. 282 (Bankr. M.D. Fla. 2004) (holding that assignment of rents did not forfeit protection from modification in § 1322(b)(2) because rents are included in definition of real property under Florida law); In re Mendez, 255 B.R. 143 (Bankr. D. N.J. 2000) (holding that assignment of rents in mortgage did not forfeit protection from modification in §1322(b)(2) because rents are included in the definition of real property under New Jersey law); In re Steslow, 225 B.R. 883 (Bankr. E.D. Pa. 1998) (holding that assignment of rents in mortgage did not forfeit protection from modification in §1322 (b)(2) because rents are included in the definition of real property under Pennsylvania law). The Court's holding today is consistent with a majority of cases that have considered this question and concluded that where a home mortgage recites a security interest in collateral that is an incident of the real property securing the mortgage lien, no "additional" security interest has been given and the creditor is protected against modification. See e.g., Allied Credit Corp. v. Davis (In re Davis), 989 F.2d 208, 213 (6th Cir. 1993); In re French, 174 B.R. 1, 7, (Bankr. D. Mass 1994); In re Spano, 161 B.R. 880, 887 (Bankr. D. Conn. 1993); Wright v. C & S Family Credit, Inc. (In re Wright), 128 B.R. 838, 843 (Bankr. N.D. Ga. 1991).

## CONCLUSION

The Court holds that (1) the right of set off does not constitute additional security, (2) state law determines whether an assignment of rents is a part of or distinct from the security interest created by a mortgage against real property, and (3) under Vermont law, the right to receive the rents from residential real property in Vermont is not personal property but rather is inextricably bound to, and an incident of the interest held in the real property itself. Hence, the fact that a mortgagee has taken a security interest in the rents associated with the underlying residential property does not disqualify the mortgagee from the anti-modification protection of §1322(b)(2), in Vermont.

The Debtor's plan proposes to modify Green Tree's rights and Green Tree has objected to that treatment. Since the Court has found that Green Tree's claim is secured only by a security interest in the Debtor's primary residence, the Court sustains Green Tree's objection to confirmation of the Debtor's plan and denies confirmation thereof.

This constitutes the Court's findings of fact and conclusions of law.

4

June 15, 2006  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

5